## Cupp v. Commonwealth.

(Decided June 22, 1937.)

WM. LEWIS & SON for appellant.

HUBERT MEREDITH, Attorney General, and JESSE K. LEWIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Charley Cupp has been sentenced to imprisonment for two years under an indictment charging him with maliciously shooting and wounding Roy Young. He is appealing.

So far as the record discloses, there had been no trouble or ill feeling between these parties prior to the difficulty out of which this prosecution grew. On the day prior to the difficulty, appellant had gone to Clay county on a mission for Roy Young, the latter having furnished him a mule to ride on the trip. He returned about 8 or 9 o'clock on the evening of the following day accompanied by Gladys Napier, who is referred to in the record as his "girl friend." When they reached the Young's home, they failed to get any response to their call from the gate so went to the barn to put the mule away and while there Roy Young came to the barn and invited them to go into the house where it seems there were a number of persons assembled. According to the evidence for the commonwealth, appellant had some liquor and he and others did some drinking. Apparently he was somewhat quarrelsome and boisterous and, among other acts of misconduct, slapped the wife of Bert Young. This indignity toward his wife incensed Bert Young and he procured and was threatening to use a shotgun when others interfered and prevented any further trouble between him and ap-

pellant. About this time, appellant of his own volition or at the suggestion of some of the parties left the house followed by Gladys Napier. Roy Young came out and accompanied appellant and the Napier girl to the barn to get the horse she was riding. According to the evidence of appellant, Young was apparently in good humor with them when he came out and when questioned concerning the conduct of Bert Young, excused it on the ground of intoxication. Up to the time the trouble arose between appellant and Roy Young, there is no material conflict in the evidence. There is a sharp conflict concerning the difficulty, both appellant and prosecuting witness admitting having fired at the other and both were wounded, but according to the evidence of Roy Young, he made no threat or demonstration whatever toward appellant until the latter without provocation or excuse fired upon him. He then returned the fire to defend himself against appellant's attack.

On the other hand, appellant and the Napier woman testified in substance that Young fired the first shots and before he had been threatened or attacked by appellant and that the latter fired in self-defense. In such circumstances, it was for the jury to determine the credibility of the witnesses and the weight to be given their evidence and it cannot be said that the verdict is not amply supported by the evidence. In fact, counsel for appellant tacitly at least admits the sufficiency of the evidence to sustain the verdict.

It is argued that the court erred in permitting a number of witnesses who had testified fully in chief for the commonwealth concerning all the facts and circumstances to narrate when called in rebuttal much they had testified to in chief. Five witnesses were called and testified in rebuttal for the commonwealth. We find no objection or exception except to two questions asked these witnesses. One witness was asked if on the following morning she examined the ground where the difficulty occurred and if so what she found. Objection to this question was overruled and she was permitted to answer that she found two 32 automatic shells. Even if this matter was gone into in chief, both appellant and Roy Young admitted firing some shots and it is therefore apparent that this evidence, although it may have

been improperly admitted in rebuttal, could not have had any material or controlling influence on a jury and we therefore have no hesitancy in holding that it was not prejudicial.

Another witness was asked concerning the reputation and general moral character of Glayds Napier and answered, "You had better call someone that is married, someone that is nearer." Objection to that evidence was sustained and it is therefore manifest that this evidence was of no importance and could not have been prejudicial even if the objection had not been sustained.

It is next argued that the court erred in admonishing the jury as to the effect to be given the evidence of certain witnesses at the request of the commonwealth, but the record discloses no objection or exception to the court's admonition and therefore it was not a matter that may be considered on appeal.

While in brief for appellant counsel refers to a challenge to the sufficiency of the instructions in the motion and grounds for new trial, that ground is not argued in brief; however, since mention is made of it, we have considered the instructions and when read as a whole find that they fairly and properly submitted the issues. Since the verdict finds ample support in the evidence and the record reveals no error prejudicial to appellant's substantial rights, the judgment is affirmed.